**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **AMIT FATNANI** and **SRINIVAS GURUZU,** individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**JPMORGAN CHASE & CO.; KEYBANK NATIONAL ASSOCIATION; COLUMBIA BANKING SYSTEM, INC. AS SUCCESSOR TO UMPQUA HOLDINGSCORPORATION; EVOLVE BANK AND TRUST;** and **MERCURY TECHNOLOGIES INC.**,<br><br>Defendants. | Case No. 3:23-cv-712-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

WHEREAS, a class action is pending before this Court entitled Amit Fatnani, et al. v. JPMorgan Chase & Co, et al., Case No. 3:23-cv-00712 (the "Action");

WHEREAS, Plaintiffs Amit Fatnani and Srinivas Guruzu (the "Class Representatives") and Defendants Evolve Bank and Trust ("Evolve") and Mercury Technologies, Inc. ("Mercury") have entered into Stipulations and Agreements of Compromise, dated October 3, 2024 and September 27, 2024, respectively (the "Stipulations");

WHEREAS, the Stipulations set forth the terms and conditions for settlement and dismissal of the Action against Evolve and Mercury (the "Settlements");

WHEREAS, the Class Representatives have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlements, and the

PAGE 1 – ORDER

Court having read and considered the Stipulations and submissions made relating to the Settlements; and

WHEREAS, all capitalized terms used, but not defined herein, shall have the same meaning as set forth in the Stipulations; and

WHEREAS the Court, having read and considered the Settlements and their exhibits, the Motion, the pleadings and other papers on file in this action, and statements of counsel,

THE COURT HEREBY FINDS that the Motion should be GRANTED and that this Preliminary Approval Order should be entered.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

**Preliminary Approval of Settlement**

1. The Court finds that: a) the Stipulations resulted from non-collusive, good faith, arm's length negotiations; and b) the Stipulations are sufficiently fair, reasonable, and adequate to the Class Members to warrant providing notice of the proposed Settlements to the Class Members and the scheduling of a final approval hearing ("Fairness Hearing"). Accordingly, the terms of the Settlements are hereby approved on a preliminary basis as set forth below and the Court hereby provisionally certifies the following Settlement Class pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure solely for purposes of effectuating the proposed Settlement:

> All individuals and entities that invested in the "Alleged Ponzi Scheme" and/or contributed funds to the "Alleged Ponzi Scheme Entities."
>
> Excluded from the Class are Defendants, any entities in which Defendants have a controlling interest, Sam Ikkurty, Ravi Avadhanam, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

The "Alleged Ponzi Scheme" means the alleged fraudulent scheme referenced in the operative

PAGE 2 – ORDER

Complaint. The "Alleged Ponzi Scheme Entities" include Jafia, LLC; Rose City Income Fund; Rose City Income Fund II, LP; MySivana, LLC; Merose, LLC; Seneca Ventures, LLC; and any other entities that played a similar role in the Alleged Ponzi Scheme.

### Provisional Certification of the Settlement Class

2.      The Court finds that, with respect to the proposed Settlement Class: a) the Class is so numerous that joinder is impracticable; b) numerous common issues exist; c) the Class Representatives' claims are typical of the claims of the other Class Members; d) the Class Representatives and their counsel adequately represent the Class; e) common questions of fact and law predominate in this Action; and f) a class action is the superior method of adjudicating this dispute. Accordingly, the Class is provisionally approved and defined as "All individuals and entities that invested in the Alleged Ponzi Scheme and/or contributed funds to the Alleged Ponzi Scheme Entities."

### Preliminary Approval of Method of Distribution

3.      The Class Representatives have proposed that all net proceeds of the settlement amounts (i.e., the settlement funds remaining following deductions for Court- approved fees, expenses, and/or service awards) will be paid to and then distributed by the "Rose City Receivership," which has been established for the benefit of investors in the Ponzi scheme at issue in this litigation ("Receivership"), pursuant to the plan of distribution or allocation approved by the court overseeing that Receivership. The Court finds that the proposed method of distribution of settlement funds is rationally based on legitimate considerations and treats all Class Members (including the Class Representatives) fairly and equally. Accordingly, the method of distribution is hereby approved on a preliminary basis.

**Approval of Settlement Administrator**

4.      James Kopecky, in his capacity as the duly appointed receiver for the Receivership, has already obtained contact information and investment data for all of the Class Members in this case. Stretto has been assisting Mr. Kopecky in the administration of the Receivership. The Parties believe there are synergies realized by Stretto serving as the Settlement Administrator in this case, working in conjunction with Class Counsel to administer the notice procedures and requests for exclusion (if any), as well as the processing and payment of claims pursuant to the plan of distribution described above. Accordingly, the Court hereby appoints Stretto as the Settlement Administrator ("Settlement Administrator").

5.      All reasonable expenses incurred in identifying and notifying Class Members, as well as in administering the Settlements, including payment of any taxes, shall be paid out of (or reimbursed out of, as may be appropriate) the total settlement amounts, as set forth in the Stipulations.

**Approval of Form and Manner of Class Notice**

6.      The Court finds that the form and methods set forth herein of notifying Class Members of the Settlements and the terms and conditions thereof meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Consequently, the form and methods proposed in the Motion for Preliminary Approval constitute the best notice practicable under the circumstances and constitute due and sufficient notice to all Persons entitled thereto. Accordingly, the Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), annexed as **Exhibits A-1 and A-2** to the Declaration of Grace Van Hancock, filed with the Motion for Preliminary Approval (hereinafter "Van Hancock Decl.").

PAGE 4 – ORDER

**Date and Time of Fairness Hearing**

7.      The Fairness Hearing shall be held before the Honorable Michael H. Simon on May 6, 2025, at 10:00 a.m., at the Mark O. Hatfield Courthouse, Courtroom 15B, United States District Court for the District of Oregon, 1000 S.W. Third Ave., Portland, OR 97204, to determine (1) whether the proposed partial Settlements of the Action on the terms and conditions provided for in the Stipulations are fair, reasonable and adequate to the Class and should be approved by the Court; (2) whether a Partial Judgment ("Partial Judgment") should be entered herein; (3) whether the proposed distribution method should be approved; (4) the amount of fees and expenses that should be awarded to Class Counsel and whether incentive awards should be paid to the Class Representatives; and (5) any other matters as the Court may deem appropriate. The Court may adjourn the Fairness Hearing without further notice to Class Members.

**Administration of Notice**

8.      The Court Orders the Settlement Administrator, under the supervision of Class Counsel, to administer the procedures to provide Notice to Class Members as follows:

(a)      No later than December 31, 2024, the Settlement Administrator shall cause a copy of the Notice substantially in the forms annexed as **Exhibit A-2** to the Van Hancock Decl., to be emailed, and shall send a postcard containing information about the Settlements and a link to the Settlement Website via U.S. Mail to those Settlement Class Members for whom the Settlement Administrator does not have an email address, to all potential Class Members who can be identified with reasonable effort ("Notice Date");

(b)      No later than December 30, 2024, or one day before the first email notice is sent, whichever is earlier, the Settlement Administrator shall create a website ("Settlement Website") and post the documents related to the Settlement on said Website, including

PAGE 5 – ORDER

the Notice substantially in the forms annexed as **Exhibit A-1** to the Van Hancock Decl.;

(c)    No later than February 28, 2025, Class Counsel shall file and serve their motion for reasonable attorney's fees and expenses and for any reasonable service award sought by the Class Representatives.

(d)    No later than April 21, 2025, Class Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of the notice(s) required by ¶¶ 8(a) and (b).

**Motion for Final Approval of Settlement**

9.    The Class Representatives' motion for final approval of the Settlements and all supporting briefing and exhibits in support of the Settlements shall be filed and served no later than February 28, 2025. Any reply papers, including any responses to timely objections filed by Class Members, shall be filed and served no later than April 21, 2025.

**Appearance of Class Members**

10.    Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. Absent entry of an appearance by counsel, Class Members will be represented by Class Counsel.

**Binding Effect of Settlement**

11.    All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlements, unless such Persons request exclusion from the Class in a timely and proper manner.

**Exclusion from the Class**

12.    Any Person falling within the definition of the Class may, upon written request, be excluded from the Class. Any request for exclusion must be mailed to the Settlement

PAGE 6 – ORDER

Administrator postmarked no later than March 31, 2025 ("Exclusion Deadline"). To be effective, the Request for Exclusion must include (a) the Settlement Class Member's full name and contact information (telephone number, email, and/or mailing address); (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) an unequivocal reference by name of the Litigation, *e.g.*, "*Amit Fatnani, et al. v. JPMorgan Chase & Co., et al.*, Case No. 3:23-cv-00712"; and (d) the Settlement Class Member's signature or the signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf.

13. A Request for Exclusion shall not be valid or effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. The Settlement Administrator shall provide all Requests for Exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than five days after the Exclusion Deadline (or upon the receipt thereof if received later than the Exclusion Deadline). The Class will not include any Person who delivers a valid and timely Request for Exclusion.

14. Any Class Member who submits a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter, on account of such submission.

15. Any Person that submits a Request for Exclusion may thereafter submit to the Settlement Administrator a written revocation of that Request for Exclusion, provided that it is received no later than two business days before the Fairness Hearing, in which event that Person will be included in the Class.

16. All Persons who submit a valid, timely and unrevoked Request for Exclusion will be

PAGE 7 – ORDER

forever barred from receiving any payments pursuant to the Settlements.

17.      Except where a Class Member who submits a Request for Exclusion commences or otherwise prosecutes or pursues a Released Claim against a Released Party, all information submitted by a Class Member in a Request for Exclusion shall be treated as confidential protected information and may not be disclosed by the Settlement Administrator, its affiliates or the Settling Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

**Objections to Settlement**

18.      Any Class Member may appear and object that: i) the proposed Settlements should not be approved as fair, reasonable, and adequate; ii) attorney's fees and reimbursement of expenses should not be awarded to Class Counsel; and iii) the proposed service award for Settlement Class Representatives should not be awarded. To be effective, the objection must include (a) the Settlement Class Member's full name and contact information (telephone number, email, and/or mailing address); (b) a clear and unequivocal statement of the objection, including whether it applies only to the objecting Settlement Class Member, a specific subset of the Class, or the entire Class; (c) an unequivocal reference by name of the Litigation, *e.g.*, "*Amit Fatnani, et al. v. JPMorgan Chase & Co., et al.*, Case No. 3:23-cv-00712"; and (d) the Settlement Class Member's signature or the signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf. However, any such objection will only be valid if it is filed with the Clerk of the United States District Court for the District of Oregon no later than March 31, 2025. Objections may be sent to the Clerk of the Court, United States District Court, District of Oregon, 1000 SW Third Ave., Portland, OR 97204, or may be filed electronically through the Court's CM/ECF system. Any Class Member who does not make an objection in this manner

PAGE 8 – ORDER

shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

### Administration of Settlement Proceeds

19.     All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned pursuant to the Stipulations and/or further order(s) of the Court.

### Evolve and Mercury's Lack of Admissions and Ability to Terminate the Settlements

20.     Neither the Stipulations, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by Evolve or Mercury or any of the additional Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Class Representatives or any Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

21.     Evolve and Mercury may elect to terminate the Settlements only as provided in the Stipulations. In such event, or in the event the Settlements do not become effective in accordance with the terms of the Stipulations or the Effective Date does not occur, then the Stipulations and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulations or by order of the Court) shall be rendered null and void, of no further force or

PAGE 9 – ORDER

effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each shall be restored to his, her, or its respective litigation positions as they existed prior to the execution of the Stipulations.

**Stay of Litigation**

22.     Pending final determination of whether the Settlements should be approved or further order of the Court, the Court hereby stays all litigation of claims and related discovery in the Action between the Class on one hand and Evolve and Mercury on the other hand, except as provided in the Stipulations and as necessary to carry out the terms and conditions of the Stipulations. For the avoidance of doubt the stay ordered herein does not pertain to claims asserted against any non-settling defendants in the Action.

**The Court's Right to Consider Further Applications**

23.     The Court reserves the right to consider all further applications arising out of or connected with the Stipulations. The Court may approve the Settlements, with such modifications as may be agreed to by the Settling Parties, without further notice to the Class, where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

**IT IS SO ORDERED.**

DATED this 3rd day of December, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 10 – ORDER