IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMIT FATNANI** and **SRINIVAS GURUZU,** individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**JPMORGAN CHASE & CO.; KEYBANK NATIONAL ASSOCIATION; COLUMBIA BANKING SYSTEM, INC.,** as successor to Umpqua Holdings Corporation**; EVOLVE BANK AND TRUST;** and **MERCURY TECHNOLOGIES INC.**,<br><br>Defendants. | Case No. 3:23-cv-712-SI<br><br>**PARTIAL FINAL JUDGMENT** |

Based on the Court's Opinion and Order entered May 6, 2025, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and the Court's express finding that there is no just reason for delay,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. This Partial Final Judgment incorporates by reference the definitions in the Settlement Agreements, and all capitalized terms used, but not defined, herein shall have the

same meanings as in the Settlement Agreements. Defendants Evolve Bank and Trust and Mercury Technologies, Inc. are defined as the Settling Defendants.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied. Settlement Class Members have been given the opportunity to object to the final approval of the Settlements. No objections were made.

4. Based on the record before the Court, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure the Court hereby certifies solely for settlement purposes the following Settlement Class:

> All individuals and entities that invested in the Alleged Ponzi Scheme and/or contributed funds to the Alleged Ponzi Scheme Entities. Excluded from the Class are Defendants, any entities in which Defendants have a controlling interest, Sam Ikkurty, Ravi Avadhanam, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.
>
> The "Alleged Ponzi Scheme" means the alleged fraudulent scheme referenced in the operative Complaint. The "Alleged Ponzi Scheme Entities" include Jafia, LLC; Rose City Income Fund; Rose City Income Fund II, LP; MySivana, LLC; Merose, LLC; Seneca Ventures, LLC; and any other entities that played a similar role in the Alleged Ponzi Scheme.

5. The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Litigation is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior

to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Litigation as a class action.

6.    The law firms of OlsenDaines; Peiffer Wolf Carr Kane Conway & Wise, LLP; Silver Law Group; JurisLaw LLP; the Law Office of Peter M. Spett; and the Law Office of Kelly D. Jones, are appointed, solely for settlement purposes, as Settlement Class Counsel.

7.    Plaintiffs Amit Fatnani and Srinivas Guruzu are appointed, solely for settlement purposes, as the class representatives for the Settlement Class.

8.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlements set forth in the Settlement Agreements on the basis that the settlements are fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2019) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Moreover, the Court concludes that:

    a.    The Settlements set forth in the Settlement Agreements were fairly and honestly negotiated by counsel with significant experience litigating class actions and other complex litigation and are the result of arm's-length negotiations undertaken in good faith;

      b.      This Litigation involves numerous contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

      c.      Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

      d.      The Settlement Class Members' reaction to the Settlements is entitled to great weight.

9.      Except as to any individual claim of those Persons who have validly and timely submitted Requests for Exclusion from the Settlement Class ("Opt-Outs"), the Litigation and all claims contained therein, as well as all of the Released Claims, asserted against the Released Parties by the Plaintiffs and the Releasing Parties are dismissed with prejudice. For the avoidance of doubt, the foregoing dismissal applies to the Settling Defendants only. The Litigation is not dismissed, and claims are not released, as to any other persons and/or entities not identified in the Settlement Agreements. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreements and the orders of this Court.

10.      The Opt-Outs have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Partial Final Judgment, and may not make any claim or receive any benefit from the Settlement Agreements or any other settlement that class members were notified were being jointly administered together in this way from which members of the Settlement Class are entitled to recover.

11.      Upon the Effective Date, Plaintiffs and each of the Releasing Parties shall be deemed to have, and by operation of this Partial Final Judgment:

PAGE 4 – PARTIAL FINAL JUDGMENT

a. Fully, finally, and forever waived, released, relinquished, and discharged against the Released Parties, only, (1) any and all Released Claims, and (2) any rights to the protections afforded under California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY,

and/or any other similar, comparable, or equivalent laws;

b. Been forever enjoined and permanently barred from the commencement, assertion, institution, maintenance, prosecution, or enforcement of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims against the Released Parties, only, and, as to the Released Parties only, any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Litigation or the Released Claims, except for claims relating to the enforcement of the Settlements; and

c. Forfeited the right to sue, either directly, representatively, or in any other capacity, any of the Released Parties on the basis of the Released Claims or assist any third party in commencing or maintaining any suit against any Released Parties related in any way to any Released Claims.

12. This Partial Final Judgement shall not affect in any way the right of Plaintiffs or Releasing Parties to pursue claims outside of the scope of the Released Claims. Claims against non-settling defendants are not dismissed or released, and Claims to enforce the terms of the Settlement Agreements are likewise not released.

PAGE 5 – PARTIAL FINAL JUDGMENT

13. The emailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable efforts and the creation of the Settlement Website satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

14. The Settlements set forth in the Settlement Agreements constitute good-faith settlements and covenants not to sue within the meaning of Oregon Revised Statutes ("ORS") § 31.815 and entitle the Released Parties to the protections of ORS § 31.815(1)(b). Plaintiffs have satisfied their burden under ORS § 31.815(2) to inform parties against whom they assert claims of the terms of the Settlement Agreements.

15. Neither the Settlement Agreements nor the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreements or the Settlements: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreements may be filed in an action to enforce or interpret the terms of the Settlement Agreements, the Settlements contained therein, and any other documents executed in connection with the performance of the Settlements embodied therein. The Released Parties may, if they choose, file the Settlement Agreement and/or this Partial Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral

estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Except as otherwise provided herein, and without affecting the finality of this Partial Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlements set forth in the Settlement Agreements; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreements; and (e) claims not released through the Settlements.

17. In the event that the Settlements do not become effective in accordance with the terms of the Settlement Agreements, then this Partial Final Judgment shall be rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Litigation as of the Execution Date of the Settlement Agreements, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreements and any related orders had not been entered.

18. The Settling Parties are directed to consummate the Settlements according to the terms of the Settlement Agreements. Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreements.

19. As set forth in the Settlement Agreements, Plaintiffs' Amended Motion for Preliminary Approval of the Settlements, and the Notice (ECF 159, 159-3, 159-5, 159-6), Settlement Funds will distributed via the Settlement Administrator utilizing the Receiver's net

loss determinations to calculate each Settlement Class Member's pro rata share of the Settlement Fund and distributing net settlement funds accordingly.

**Attorney's Fees and Expenses and Service Awards**

20. The Court has considered Settlement Class Counsel's application for fees and expenses, along with all supporting and other related materials ("Fee Application"), including the matters presented at the May 6, 2025 hearing. The Court has also considered Plaintiffs' request for service awards.

21. Due and adequate notice having been given to the Class as required by the Court's Preliminary Approval Order and the Court having considered all papers and proceedings held herein and otherwise being fully informed in the proceedings and good cause appearing, the Court finds Notice of the Fee Application was directed to Settlement Class Members in a reasonable manner and complies with Rule 23(h)(l) of the Federal Rules of Civil Procedure and due process.

22. Settlement Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure. No objections were filed

23. The Fee Application is hereby GRANTED.

24. Settlement Class Counsel is hereby awarded attorneys' fees in the amount of 25 percent of the $90,000 Settlements, representing an award of $22,500. Class Counsel is also awarded up to $17,000 in reimbursement for litigation expenses actually paid and/or to be incurred in connection with the administration of the Settlements. The Court finds these sums to be fair and reasonable.

25. The Settlement Class Representatives are awarded service awards in the amount of $1,000 for Mr. Fatnani and $500 for Mr. Guruzu, which the Court finds fair and reasonable.

26. These fees, expenses and awards shall be paid from the Settlement Fund.

27. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. the Settlements have created a fund of $90,000 in cash that will be paid into an escrow account for the benefit of the Class pursuant to the terms of the Stipulations;

    b. Settlement Class Members will benefit from the Settlements that occurred because of the efforts of Settlement Class Counsel;

    c. the fee percentage sought by Settlement Class Counsel and now awarded by the Court is within an acceptable range;

    d. the fee sought by Settlement Class Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Settlement Class Representatives;

    e. copies of the Court-approved Notices were actually delivered to 443 out of 445 of Class Members, and further posted on the Settlement Website, and informed Class Members that Settlement Class Counsel would apply for attorneys' fees and reimbursement of expenses.

28. The fees and expenses awarded to Settlement Class Counsel herein shall be payable following the Effective Date of the Settlements.

29. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expense application shall in no way disturb or affect the finality of the Order and Partial Final Judgment entered with respect to the Settlements and Plaintiffs' Motion for Final Approval thereof.

30. Jurisdiction is hereby retained over the parties and the Class Members for all other matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

DATED this 24th day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge