IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMIT FATNANI and SRINIVAS GURUZU, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A; KEYBANK NATIONAL ASSOCIATION; COLUMBIA BANKING SYSTEM, INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION; INTERTRUST CORPORATE AND FUND SERVICES LLC; EVOLVE BANK AND TRUST; and MERCURY TECHNOLOGIES INC.,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00712-SI<br><br>[PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC |

　　　　THIS MATTER came before the Court on a series of motions to determine, among other things, that this action against Defendants KeyBank National Association ("KeyBank"), Columbia Banking System, Inc. as Successor to Umpqua Holdings Corporation ("Umpqua"), JPMorgan Chase Bank, N.A. ("Chase"), and Intertrust Corporate and Fund Services LLC ("Intertrust") (collectively, the "Settling Defendants")[1] should be maintained as a settlement class action and to seek final Court approval of the settlement of the Class's claims against KeyBank, Umpqua, Chase, and Intertrust, and for entry of a judgment of dismissal of KeyBank, Umpqua, Chase, and Intertrust.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Settlement Agreement.

Page 1 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

The settlement resulted from mediation with the Settling Defendants. On July 24, 2025, Plaintiffs filed motions to approve notice of the proposed settlement, notice of the hearing on the final approval of the proposed settlement, and notice of the Class proposed to be certified for purposes of settlement, to appoint Class Counsel, and to appoint the claims administrator. The Court allowed the motions by order dated July 31, 2025. On September 12, 2025, Plaintiffs filed motions to determine that the action should be certified for purposes of settlement, to approve the proposed settlement, and to approve the plan of distribution. The Court allowed the motions by an order dated December __3__, 2025.

On September 12, 2025, Plaintiff filed a Motion for a Claims Bar Order and Injunction regarding future contribution and indemnity claims. The Court allowed the motion and, on December __3__, 2025, entered the Claims Bar Order and Injunction.

On September 12, 2025, Class Counsel filed a statement of attorney fees seeking an award of attorney fees and nontaxable costs in the amount of $1,250,000 and $55,536.66, respectively. No objections were filed to any of these motions or statements. The Court awarded attorney fees and nontaxable costs in the amount of $__1,250,000__ and $__55,536.66__, respectively, by an order dated December __3__, 2025.

The Court being apprised of the premises, it is

**ADJUDGED** as follows:

1.      **Jurisdiction.** This Court has jurisdiction to enter this Final Judgment. The Court has subject matter jurisdiction of this action against KeyBank, Umpqua, Chase, and Intertrust, and other defendants, as determined in the Court's Order dated December __3__, 2025, and personal jurisdiction over plaintiffs, members of the Class, KeyBank, Umpqua, Chase, and, for purposes of settlement approval and entry of this Final Judgment and Claims Bar Order and Injunction, Intertrust.

2.      **No Just Reason for Delay.** This Final Judgment of Dismissal decides all

Page 2 – [~~PROPOSED~~] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

requests for relief regarding KeyBank, Umpqua, Chase, and Intertrust. ~~The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).~~

*[handwritten: MHS / The Court also enter's judgment in favor of PNC Bank, N.A. as stated below in paragraph 21.]*

3. **Class Definition.** In addition to binding Plaintiffs, this Final Judgment binds all members of the Class, which, for purposes of this Final Judgment, the Court has defined as follows: all individuals and entities that invested in the Alleged Ponzi Scheme and/or contributed funds to any Alleged Ponzi Scheme Individuals/Entities. Excluded from the Class are Defendants, any entities in which Defendants have a controlling interest, Sam Ikkurty, Ravi Avadhanam, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

4. **No Exclusions from Class Following Notice.** After the Court determined by order to approve notice of the proposed settlement and notice of the Class proposed to be certified for purposes of settlement, the Court ordered the notice required by Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) and particularly apprising putative Class members of their opportunity to request and their right to be excluded from the Class pursuant to Fed. R. Civ. P. 23(c)(2)(B)(v). Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. No putative member of the Class requested to be excluded from the Class.

5. **Hearing Prior to Order Approving Settlement.** On December 3, 2025, the Court held a hearing on the Order Approving Settlement. A notice of this hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable who are members of the Class as defined in Paragraph 1(gg) of the Settlement Agreement, except to those persons and entities excluded from the definition of the Class in Paragraph 1(gg)

Page 3 – [~~PROPOSED~~] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

of the Settlement Agreement. A full and fair opportunity was accorded to Plaintiffs and all other members of the Class to be heard with respect to the settlement, including this Final Judgment. It is therefore hereby adjudged that Plaintiffs, all members of the Class, KeyBank, Umpqua, Intertrust, and Chase are bound by this Final Judgment.

6.   **Order Approving Settlement**. On December 3, 2025, the Court entered the Order Approving Settlement which approved the Settlement Agreement reached between Plaintiffs and the Settling Defendants. In that Order, the Court, after a hearing, found that the settlement is fair, reasonable, and adequate after considering each of the factors listed in Fed. R. Civ. P. 23(e)(2). This Final Judgment incorporates the Order Approving Settlement.

7.   **Order Approving Plan of Distribution**. On December 3, 2025, the Court entered the Order Approving the Plan of Distribution. This Final Judgment incorporates this Order Approving the Plan of Distribution.

8.   **Order of Award of Attorney Fees and Other Expenses**. On December 3, 2025, the Court entered an Award of Attorney Fees and Nontaxable Costs to Class Counsel. Based upon the common fund doctrine, Class Counsel are awarded attorney fees of $1,250,000 and other expenses in the amount of $55,536.66, all to be paid first out of the Settlement Fund as provided in the plan of distribution ordered by the Court. This attorney fee award from the Settlement Fund is not intended to be a money award against a party. This Final Judgment incorporates the award of Attorney Fees and Nontaxable Costs.

9.   **Performance of Terms of the Settlement Agreement**. To the extent they have not already done so, the Settling Defendants, Plaintiffs, and members of the Class are hereby directed to perform the terms of the Settlement Agreement. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

Page 4 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

10. **Dismissal with Prejudice of Claims and Other Relief.** All the claims and other requested relief in this action against KeyBank, Umpqua, Chase, and Intertrust are hereby dismissed on the merits and with prejudice as to the Plaintiffs and members of the Class, and without an award of costs or attorney fees, except as provided in this Final Judgment. The Settling Defendants, Plaintiffs, and members of the Class are all to bear their own costs and attorney fees, except as otherwise provided in this Final Judgment. For purposes of this Final Judgment, "KeyBank," "Umpqua," "Chase," and "Intertrust" broadly include their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, and their respective past, present, and future officers, directors, members, employees, agents, representatives, attorneys, partners, shareholders, principals, associates, senior counsel, insurers, underwriters, and claims administrators.

11. **Release of Claims.**

   a.  Upon the Effective Date provided in the Settlement Agreement, the Plaintiffs, all Class members, the Receiver, in his capacity as the Court-appointed Receiver for the Rose City Fund Receivership Estate, and on behalf of the Rose City Fund Receivership Estate, and each of the foregoing's agents, representatives, attorneys, heirs, administrators, executors, assigns, predecessors and successors in interest, and any other person or entity claiming by, through, on behalf of, or for the benefit of any of them releases and forever discharges KeyBank, Umpqua, Chase, and Intertrust from any and all Released Claims.

   b.  For purposes of this Final Judgment:

   i.  "**Alleged Ponzi Scheme**" means the alleged fraudulent scheme referenced in the Complaint and Amended Complaints filed in the above-caption action.

Page 5 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

  ii. "**Alleged Ponzi Scheme Individuals/Entities**" means any of the following individuals or entities: Sam Ikkurty a/k/a Sreenivas I Rao; Ravishankar Avadhanam; Jafia, LLC; Ikkurty Capital LLC; Rose City Income Fund I, LP; Rose City Income Fund II, LP; MySivana, LLC; Merosa, LLC; Seneca Ventures, LLC; and any other individuals or entities that played a similar role in the Alleged Ponzi Scheme.

  iii. "**Receiver**" means James L. Kopecky, of Kopecky Schumacher Rosenburg LLC 120 N. LaSalle St., Suite 2000, Chicago, Illinois 60602, in his capacity as the Court-appointed Receiver for the Rose City Fund Receivership Estate, as appointed in the Order Appointing Receiver dated May 11, 2022 (Dkt. 18), *CFTC v. Ikkurty et al.*, Case: 1:22-cv-02465 (N.D. Ill.).

  iv. "**Released Claims**" means, to the fullest extent that the law permits their release, all past, present, and future claims of any nature whatsoever in any way relating to the above-captioned action, including without limitation all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorney fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether or not concealed or hidden, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by, or on behalf of, for the benefit of, or in the name of the Class members, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under

Page 6 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

federal, state, common, or foreign law, that now exist or have ever existed from the beginning of time until the date of the Settlement Agreement that are based upon, arise out of, or are related in any way to: (1) the conduct, transactions, or occurrences set forth in any pleading in the above-captioned action; (2) the above-captioned action; (3) the purchase, issuance, sale, or solicitation of the sale of any securities or financial instruments (including, without limitation, promissory notes, equity offerings, limited partnership interests, membership interests, and limited liability company interests) issued by any Alleged Ponzi Scheme Individuals/Entities; (4) the Settling Defendants' and the Released Parties' provision of any banking, fund administration, or other services to any Alleged Ponzi Scheme Individuals/Entities or to or for the benefit of any purchaser or holder of any securities or financial instruments issued by any Alleged Ponzi Scheme Individuals/Entities; and/or (5) the conduct of the settlement negotiations and the negotiation of the Settlement Agreement (except for representations or obligations expressly included in the Settlement Agreement), including without limitation fraud in the inducement thereof. Released Claims include, without limitation, any and all claims arising out of or relating to the Alleged Ponzi Scheme and/or Alleged Ponzi Scheme Individuals/Entities.

**c.** For purposes of this Release of Claims, "KeyBank," "Umpqua," "Chase," and "Intertrust" broadly includes their predecessors, successors, affiliates, parents, subsidiaries, divisions, assignors, and assigneds, each of the foregoing's past, present, and future officers, directors, board and board members, principals, officials, employees, subsidiaries, parents, affiliates, divisions, joint venturers, contractors, subcontractors, subrogrees, offices, controlled entities and persons, predecessors, successors, assignors, assigns, transferees, heirs, executors, shareholders, owners, investors, accountants,

Page 7 – [~~PROPOSED~~] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

auditors, advisors, trustees, fiduciaries, consultants, agents, representatives, attorneys, partners, associates, senior counsel, managers, and members; and each of the Settling Defendants' and insurers, reinsurers, excess insurers, underwriters, and claims administrators. For the avoidance of doubt, the term "Intertrust" includes, but is not limited to, Intertrust Group B.V., a former defendant in the above-captioned action.

12.     **Claims Bar Order and Injunction.**  On December __3__, 2025, the Court entered the Claims Bar Order and Injunction.  The Court hereby bars and enjoins all claims for contribution and indemnity (or similar claims) asserted by or against KeyBank, Umpqua, Chase, and Intertrust as provided in the Claims Bar Order and Injunction.  In the Claims Bar Order and Injunction, the Court states the reasons why it issued the claims bar and injunction, states the terms of the claims bar and injunction specifically, and describes in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.  Fed. R. Civ. P. 65(d).  This Final Judgment incorporates the Claims Bar Order and Injunction, and a copy is attached to this Final Judgment as Appendix A.

13.     **Reduction of Subsequent Claims.**   After the date of this Final Judgment, if a plaintiff or a Class member commences or maintains a claim against a future defendant, which, if asserted against KeyBank, Umpqua, Chase, or Intertrust, would be covered by the Release of Claims (paragraph 11, above), the plaintiff or Class member shall reduce, on a dollar-for-dollar basis, his or her claim by the amount he or she receives pursuant to the plan of distribution made from the Settlement Fund.

14.     **Rule 11.**  The Court finds that during the course of the action, the plaintiffs, Class members, KeyBank, Umpqua, Chase, and Intertrust, and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

15.     **No Admission.**  The fact and terms of the Settlement Agreement, this Final Judgment, and all negotiations, discussions, drafts, and proceedings in connection with the

Page 8 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

settlement, and any act performed or other document signed in connection with the settlement:

      **a.**    shall not be offered by anyone or received against KeyBank, Umpqua, Chase, or Intertrust as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by KeyBank, Umpqua, Chase, or Intertrust with respect to the truth of any fact alleged in the action, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in this action, or in any litigation, in this or any other court, administrative agency, arbitration forum, or other tribunal, or of any liability, negligence, fault, or wrongdoing of KeyBank, Umpqua, Chase, or Intertrust;

      **b.**    shall not be offered by anyone or received against KeyBank, Umpqua, Chase, or Intertrust as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by KeyBank, Umpqua, Chase, or Intertrust, or against any of the members of the Class or KeyBank, Umpqua, Chase, or Intertrust as evidence of any infirmity in the claims or defenses that have been or could have been asserted in this action;

      **c.**    shall not be offered by anyone or received against KeyBank, Umpqua, Chase, or Intertrust as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against KeyBank, Umpqua, Chase, or Intertrust in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that KeyBank, Umpqua, Chase, and Intertrust may refer to and rely on any part or aspect of the Settlement Agreement to effectuate the protection from litigation and liability granted them under the Settlement Agreement, including this Final Judgment;

Page 9 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

  d. shall not be construed against plaintiffs or the members of the Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

  e. shall not be construed as or received in evidence as an admission, concession, or presumption against plaintiffs or any members of the Class that any of their claims are without merit or that damages recoverable under their operative complaint would not have exceeded the Settlement Amount.

  16. **Reliance on Final Judgment by KeyBank, Umpqua, Chase, and Intertrust.** KeyBank, Umpqua, Chase, and Intertrust may file the Settlement Agreement and/or this Final Judgment in any other action that may be brought against them in order to support a claim for contempt of court for violation of injunction and/or in order to support any defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  17. **KeyBank's, Umpqua's, Chase's, and Intertrust's Limited Role.** KeyBank, Umpqua, Chase, and Intertrust did not have a role in providing notice to the Class or have responsibility for administering the settlement or a role in or responsibility for reviewing or challenging the claims submitted, and KeyBank, Umpqua, Chase, and Intertrust shall have no liability whatsoever in connection with the administration of the settlement to any person or entity including, but not limited to, plaintiffs, members of the Class, Class Counsel, the Claims Administrator, any person excluded from the Class by Paragraph 13 of the Settlement Agreement, or counsel for any such excluded person. Without limiting the foregoing, KeyBank, Umpqua, Chase, and Intertrust shall not be liable to any person with regard to any disclosure to or by the Claims Administrator of personal or potentially private account information, including

Page 10 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

without limitation the names, addresses, and account transaction data for individual members of the Class, the accuracy of such information, or the identity of members of the Class.

18. **Settlement Account.** All funds held in the Settlement Account shall be deemed and considered to be *in custodia legis* of the District Court and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed.

19. **If Settlement Not Effective.** In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, or in the event that the Settlement Fund, or any portion thereof, is returned to KeyBank, Umpqua, Chase, or Intertrust or to any of its insurers who paid such Settlement Amount on behalf of KeyBank, Umpqua, Chase, and Intertrust, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event:

   a. all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and

   b. the fact of the settlement shall not be admissible in any trial of the action, or in any other proceeding, consistent with paragraph 15, above.

20. **Continuing Jurisdiction.** Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over:

   a. implementation and enforcement of the settlement;

   b. the allowance, disallowance, or adjustment of any plaintiff's or any Class member's claim on equitable grounds and any award or distribution of the Settlement Fund;

   c. any award of attorney fees and costs out of the Settlement Fund to the Claims Administrator, and if appropriate, to the attorneys;

Page 11 – [PROPOSED] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

  d. disposition of the Settlement Fund;

  e. enforcing and administering this Final Judgment, including the injunctions contained in it;

  f. enforcing and administering the Settlement Agreement, including any releases and bar orders executed in connection with it; and

  g. other matters related or ancillary to the foregoing.

[Insert]

DATED this 3rd day of December, 2025.

_____
Hon. Michael H. Simon
United States District Judge

21. **PNC Bank, N.A.** Pursuant to ECF 141 and ECF 142, the Court previously dismissed without prejudice Plaintiffs' claims against PNC Bank, N.A. The Court now hereby enters judgment in favor of PNC Bank, N.A. consistent with those Orders.

Dec. 3, 2025

_____
Hon. Michael H. Simon
U.S. District Judge

Page 12 – [~~PROPOSED~~] FINAL JUDGMENT OF DISMISSAL OF KEYBANK NATIONAL ASSOCIATION, COLUMBIA BANKING SYSTEM, , INC. AS SUCCESSOR TO UMPQUA HOLDINGS CORPORATION, JPMORGAN CHASE BANK, N.A., AND INTERTRUST CORPORATE AND FUND SERVICES LLC